O’BRIEN, J.,
dissenting.
This is a.civil matter (habeas) and this request for a COA is frivolous. For that reason the district judge denied Frye’s request to proceed without prepayment of fees by certifying that an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3) (“An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.”). We agree with the district judge— the request to appeal is frivolous—yet we *637 prematurely consider the merits of Frye’s request. The cart is ahead of the horse.
So as not to foreclose appellate review of arguably meritorious appeals when an appellant lacks the present ability to pay filing and docketing fees, Congress has permitted appeals to be taken without prepayment of fees. 28 U.S.C. § 1915(a)(1). Significantly, frivolous appeals are excluded from the grant (presumably to prevent the promiscuously litigious from wasting courts’ time and resources). Id. § 1915(a)(3). “Even in 1892, Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from 'filing frivolous, malicious, or repetitive lawsuits.” Coleman v. Tollefson, — U.S.—, 135 S.Ct. 1759, 1762, 191 L.Ed.2d 803 (2015) (alteration and internal quotation marks omitted).
We should abide all of the statutory provisions rather than a select few. For that reason, I dissent from the denial of COA. This Court should take no action towards resolving the merits of the matter under consideration (request for a COA) until all fees are paid. Frye should be required to pay the filing and docketing fees within 20 days. If he fails to do so, his appeal should be dismissed for failure to prosecute. 10th Cir. R. 42.1.